UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| SHAKIELA CLARK,<br>      Plaintiff,<br>v.<br>EL JEFFRE BLACKFOOT-BEY, et al.,<br>      Defendants. | CIVIL ACTION NO.: 2:11-cv-5340<br><br>JURY TRIAL OF EIGHT (8) JURORS IS DEMANDED |
|---|---|

**PLAINTIFF'S ANSWER WITH AFFIRMATIVE DEFENSES
TO COUNTERCLAIMS OF DEFENDANT FANNIE MAE**

**COUNT I**

26. Plaintiff incorporates herein all allegations of its Third Amended Complaint.

27. Admitted in part. Plaintiff admits the disputed loan to James paid off a prior loan secured by the property in which she was the obligor. The balance of this averment is not directed to plaintiff and does not therefore require a response thereto by plaintiff.

28. Denied. Any benefit conferred upon plaintiff by payoff of her pre-existing loan secured by the property, is offset by loss of plaintiff's home equity from the transaction due to defendants' fraud and by undue hardship imposed upon plaintiff and her family by not being offered repayment terms for any loan so satisfied to retain the home for plaintiff, her husband, and five (5) children.

29. Admitted.

30. Denied as a conclusion of law to which no response is required.

31. Denied. As alleged in plaintiff's complaint, defendants James and Bey lured plaintiff into default on the promise of funds for home repairs and thereby ensnared plaintiff into a fraudulent lease-buyback scheme to steal her equity.

32. Denied. Plaintiff is without sufficient information to know the details of James' dealings with Fannie Mae.

33. Admitted in part, denied in part. It is admitted that plaintiff is currently not making any payments of any mortgage obligation upon the property. To the extent that the balance of this averment implies Fannie Mae is owed such mortgage obligation by plaintiff, it is denied as a conclusion of law to which no response is required.

34. To the extent that Fannie Mae avers it is equitably owed funds by participating, directly or vicariously as the loan's assignee in the fraudulent loan scheme to steal plaintiff's home equity, this averment is denied as a conclusion of law to which no response is required.

35. To the extent that Fannie Mae avers it is equitably owed funds by participating, directly or vicariously as the loan's assignee in the fraudulent loan scheme to steal plaintiff's home equity, this averment is denied as a conclusion of law to which no response is required.

36. Denied as a conclusion of law to which no response is required.

37. Denied as a conclusion of law to which no response is required.

38. Plaintiff is without sufficient factual information or knowledge to respond to this averment as worded. To the extent that benefit to plaintiff referred to is an eqitable determination, it is denied as a conclusion of law to which no response is required.

WHEREFORE, Plaintiff requests the Court deny Defendant Fannie Mae's Counter Claims.

## COUNT II

39. Plaintiff incorporates by reference herein all allegations of her Third Amended complaint.

40. Denied as a conclusion of law to which no response is required.

41. Denied. Any benefit conferred upon plaintiff by payoff of her pre-existing loan secured by the property, is offset by loss of plaintiff's home equity from the transaction due to defendants' fraud and by undue hardship imposed upon plaintiff and her family by not being offered repayment terms for any loan so satisfied to retain the home for plaintiff, her husband, and five (5) children.

42. Denied. Fannie Mae, directly or via the assignor of the loan interest, took the loan with actual or constructive notice of an irregular transaction creating the resulting lien's defects as described in plaintiff's complaints.

43. Admitted.

44. Denied as stated. Plaintiff was deceived into participation in the transaction to her detriment.

45. Denied. Fannie Mae, directly or via the assignor of the loan interest, took the loan with actual or constructive notice of an irregular transaction creating the resulting lien's defects as described in plaintiff's complaints.

46. Denied as a conclusion of law to which no response is required.

47. Denied as a conclusion of law to which no response is required.

48. Denied as a conclusion of law to which no response is required.

49. Denied as a conclusion of law to which no response is required.

WHEREFORE, Plaintiff requests the Court deny Defendant Fannie Mae's Counter Claims.

## **COUNT III**

50. Plaintiff incorporates by reference herein all allegations of her Third Amended complaint.

51. Admitted.

52. Denied as a conclusion of law to which no response is required.

53. Denied. Plaintiff's pleadings speak for themselves.

54. Denied as a conclusion of law to which no response is required.

55. Denied as a conclusion of law to which no response is required.

WHEREFORE, Plaintiff requests the Court deny Defendant Fannie Mae's Counter Claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant's counter claims against plaintiff are equitably barred, in whole or in part, by the doctrines of estoppel and unclean hands insofar as IndyMac and its assignee, Fannie Mae, financed and/or took assignment of the loan from the disputed sale transaction with actual or constructive knowledge of defendants' fraud and/or with notice of the disputed sale transaction being an irregular sale transaction.

### SECOND AFFIRMATIVE DEFENSE

Any harm and/or damages allegedly sustained by Defendant Fannie Mae resulted from its own acts or omissions, or the intervening/superseding action of the other defendants or third parties, for whom plaintiff is not responsible.

### THIRD AFFIRMATIVE DEFENSE

Even if Defendant Fannie Mae has a legal right to a mortgage lien on the Property (which it does not), its right of recovery is subject to offset by plaintiff's damages arising from the defendants' fraud or by claims of equity.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff breached no contractual, common-law or statutory obligations owed to Defendant Fannie Mae, therefore, its counter claims should be dismissed with prejudice.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff re-alleges herein all allegations of her Third Amended Complaint.

## CROSS-CLAIM
### (Against All Defendants for Indemnity and Contribution)

If the Defendant Fannie Mae sustained damages in the manner alleged, and if it is found that plaintiff is liable to said defendant, then plaintiff is entitled to indemnification and/or contribution and judgment against all defendants for all or part of any judgment Defendant Fannie Mae may recover against Plaintiff.

Dated: February 21, 2013

        RC 935
        ROBERT P. COCCO, P.C.

        /s/ Matthew Weisberg, Esquire
        WEISBERG LAW, P.C.

        Attorneys for Plaintiff

<u>Certificate of Service</u>

  I, Robert P. Cocco, co-counsel for Plaintiff, hereby certify that I filed the foregoing Plaintiff's Answer to defendant Fannie Mae's Counter Claims electronically and that all parties of record have been served via ECF email.

Dated: February 21, 2013            <u>/s/ Robert P. Cocco, Esquire</u>